UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERRETT DEAN BARNES,<br><br>   Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:23-cv-00407-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 16). |

    This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

    Plaintiff argues as follows:

> The ALJ's RFC determination is not supported by substantial evidence not only because the ALJ crafted her RFC out of whole cloth, but also because she failed to properly account for Plaintiff's moderate limitation in concentration, persistence, and pace in the RFC.

(ECF No. 16, p. 12).

1

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

**I.  ANALYSIS**

Plaintiff's argument challenges the ALJ's RFC formulation for (1) being crafted "out of whole cloth" and (2) failing to account for Plaintiff's moderate limitations in concentration, persistence, and pace.

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

The ALJ formulated the following RFC in this case:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except lifting and carrying up to 20 pounds maximum; sit less than 6 hours of an 8-hour workday, 2 hours at a time; stand/walk at least 2 hours in an 8-hour workday; alternate sit/stand, with sitting limited to 2 hours at a time; never climb or crawl, occasionally balance, stoop, kneel, crouch; occasionally reach overhead; no work around heights or hazards; and limited to simple, routine, repetitive, unskilled work.

(A.R. 24).

**1. Res Judicata**

As an initial matter, Plaintiff challenges the res judicata effect given to a prior disability decision. (ECF No. 16, p. 13).

Plaintiff was previously found disabled as of July 26, 2004, due to renal failure. (A.R. 72, 74). However, it was determined that Plaintiff was no longer disabled as of February 1, 2012. (A.R. 72). At a hearing before an ALJ in 2013, "the claimant chose to appear and testify without the assistance of an attorney or other representative." (A.R. 72). On May 23, 2013, the ALJ issued a decision concluding that Plaintiff's disability ended as of February 1, 2012. (A.R. 81).

Plaintiff filed another application for disability benefits, alleging an onset date (as amended) of May 24, 2013. (A.R. 17). In a November 28, 2022 decision, the one at issue here, the ALJ gave res judicata effect to the prior 2013 decision:

> Specific consideration must be given to the res judicata effect of Administrative Law Judge Jennifer Horne's prior decision, which became administratively final. That decision gave rise to a presumption that the claimant continued to be not disabled after May 23, 2013, the date of the decision. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) and Acquiescence Ruling 97-4 (9). The claimant, in order to overcome the presumption of continuing nondisability arising from Administrative Law Judge Horne's findings of nondisability, must prove "changed circumstances" indicating a greater disability. *Taylor v. Heckler*, 765 F.2d 872 (9th Circuit 1985). "Changed circumstances" significant enough to rebut the presumption include a change in the claimant's age category under 20 C.F.R § 404.1563 or 416.963, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability.
>
> In this case, the prior final decision found the claimant not disabled. Therefore, the claimant must overcome the presumption of nondisability. The undersigned finds that there is no new and material evidence relating to the findings from the prior decision, and the claimant has not overcome the presumption of nondisability for this period, as further discussed below.

(A.R. 18).[1]

Plaintiff argues that this was legal error because there are changed circumstances to rebut the presumption of nondisability—"that in April of 2017, Plaintiff was diagnosed with lumbar spondylosis, facet arthropathy, and diabetic neuropathy (AR 1194)," which showed that his

---

[1] Minor alterations, such as correcting spacing and reformatting citations, have been made without indicating each change.

impairments had worsened. (ECF No. 16, p. 13).

Defendant does not argue otherwise. Instead, Defendant argues that any "such error would be harmless" because "the ALJ considered the record as a whole, proceeded through the sequential evaluation process, and formulated an RFC that is supported by substantial evidence"; thus, "[t]he ALJ's application of Chavez and Acquiescence Ruling 97-4(9) had no effect on the ultimate finding that Plaintiff was not disabled." (ECF No. 18, p. 11).

Given that Plaintiff has alleged changed circumstances, which Defendant has not challenged (except arguing that any error was harmless), the Court concludes that the ALJ erred by giving res judicata effect to the 2013 decision.

**2.     Whether the ALJ's Error was Harmless**

The Court next turns to whether the ALJ's error applying res judicata, and incorrectly presuming nondisability, was harmless.

The Ninth Circuit has found factual errors harmless where the Court was "able to conclude from the record that the ALJ would have reached the same result absent the error" and "also deemed legal errors harmless where it was clear they did not alter the ALJ's decision." *Molina v. Astrue*, 674 F.3d 1104, 11115 (9th Cir. 2012), *superseded by regulation on other grounds*; *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting that if an error is inconsequential to the determination that a claimant is not disabled, the error is harmless).

Here, the Court cannot conclude that the ALJ would have reached the same result absent the error, or that it was clear that the presumption did not alter the ALJ's decision.

As an initial matter, the ALJ formulated the same RFC for Plaintiff as the 2013 decision. (A.R. 24, 75). In other words, the ALJ did not add any limitations to account for the impairments that developed after the 2013 opinion. While not conclusive, this suggests that the ALJ's presumption of disability and reliance on the earlier decision had a substantial effect on the ALJ's decision.

Second, the ALJ did not rely on any medical opinion that accounted for all of Plaintiff's impairments, including impairments that developed after the 2013 decision. Dr. John Kwock,

testified at a supplemental hearing that Plaintiff would be able to perform medium exertional work with some additional limitations. (A.R. 43-44). However, the ALJ correctly noted that Dr. Kwock "only considered [Plaintiff's] orthopedic impairments." (A.R. 24, 28). Dr. Kwok's opinion did not address Plaintiff's other severe impairments, including status post kidney transplant with chronic kidney disease stage 5, type 2 diabetes mellitus, obesity, and depressive disorder. (ECF No. 16, p. 16).

The only other medical opinions that the ALJ considered were from state agency medical consultants. However, the ALJ did not find the opinions persuasive because they were "not consistent with the record during the relevant time period." (A.R. 28).

Thus, the RFC was not based on any medical opinion that fully accounted for all of Plaintiff's severe impairments. "[B]ecause it is the ALJ's responsibility to formulate an RFC that is based on the record *as a whole*, . . . the RFC need not exactly match the opinion or findings of any particular medical source." *Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014). However, "an ALJ is not allowed to make medical judgments, but only legal judgments based on medical evidence." *Duarte v. Saul*, No. 2:19-CV-01019 AC, 2020 WL 5257597, at *5 (E.D. Cal. Sept. 3, 2020); *see also Shipp v. Colvin*, No. CV 13-9468 JC, 2014 WL 4829035, at *7 (C.D. Cal. Sept. 26, 2014) ("Since, apart from Dr. Kim's Opinions, the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical residual functional capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw medical evidence in the record."); *see Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir. 1993) ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual.").

Here, although the ALJ commented on medical data that could arguably support the RFC, (*see, e.g.,* A.R. 25 – "Review of systems were negative for fever, cough, chills, dyspnea, chest pain, nausea, vomiting, diarrhea, abdominal pain, allograft site pain, hematuria, edema, and tremor. Physical examinations have been within normal limits. He has consistently been assessed with stable allograft function and stable SCR (Exhibits B1F; B6F)."), the Court cannot find that

the error harmless. Without any medical opinion on the additional impairments, and without the presumption of disability from the earlier disability opinion, the Court cannot conclude that the ALJ's decision to use the same RFC as the prior decision is supported by substantial evidence.[2]

Accordingly, the Court remands the case for further proceedings. On remand, the ALJ should reevaluate the evidence without giving preclusive weight to the 2013 disability decision and fully consider any limitations that Plaintiff had due to all impairments including those experienced after the 2013 decision.

## II.     CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this decision.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:    **November 7, 2023**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the determination that the RFC is not supported by substantial evidence, the Court will not address Plaintiff's additional challenge to the RFC—that the ALJ failed to account for Plaintiff's moderate mental limitations.