UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERRETT DEAN BARNES, | Case No. 1:23-cv-00407-EPG |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 25) |
| Defendant. | |

On February 9, 2026, Attorney Jonathan O. Peña, counsel for Plaintiff Everrett Dean Barnes, filed a motion for an award of $31,132.50 in attorney's fees under 42 U.S.C. § 406(b). (ECF No. 25). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (*Id.* at 10; ECF No. 26). Plaintiff has not filed any response to the motion.

On February 17, 2026, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 29). Plaintiff did not file an optional reply by the March 16, 2026 deadline. (ECF No. 27).

For the reasons set forth below, the motion for an award of attorney's fees will be granted, in the amount of $31,132.50, with counsel reimbursing Plaintiff for $6,967.78 in fees received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (*See* ECF No. 24).

**I.    BACKGROUND**

Plaintiff filed the complaint in this case on March 17, 2023. (ECF No. 1). The parties consented to this case proceeding before the undersigned. (ECF No. 10). Plaintiff filed a motion for summary judgment on August 31, 2023. (ECF No. 16). And Defendant filed a responsive brief on September 28, 2023. (ECF No. 18). Plaintiff did not file an optional reply brief.

On November 7, 2023, this Court issued an order remanding this case for further administrative proceedings after concluding that the RFC was not supported by substantial evidence. (ECF No. 19).

On remand, the Commissioner calculated Plaintiff's past-due benefits at $161,330.00 and 25%, *i.e.*, $40,332.50 was withheld to pay Plaintiff's representative. (ECF No. 25-2, pp. 3, 5). This matter is now before the Court on counsel's motion, seeking an award of $31,132.50.

## II. DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n.6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the

services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement in this case provides, in relevant part, as follows:

> It is possible that I will not pay any attorney fee out of my past-due benefits for my attorney's work on my behalf in court, but rather my attorney will receive the EAJA award as his or her sole compensation for representing me in court. However, my attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court. If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, my attorney must refund to me the smaller fee.

(ECF No. 25-3, p. 1).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included a decision in Plaintiff's favor remanding this case for further administrative proceedings. Counsel represents that 28.7 hours were expended in this matter. (ECF No. 25, p. 5; ECF No. 25-4, p. 1). There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Counsel seeks an award of $31,132.50, which results in an approximate hourly rate of $1,085 based on 28.7 hours of time spent on this case. Further, the requested award of $31,132.50 is about 19% of past-due benefits—rather than the maximum 25% permitted by law—and is not

excessive in relation to the past-due benefits awarded. While the Court recognizes that the amount awarded is on the higher end of a reasonable fee, the Court notes that other courts have approved similar and higher total and hourly fee awards as well as the hours expended on this case. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (observing that hourly rate of $1,553.87 was "within the upper boundaries of reasonableness.") (collecting cases); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney's fees in the amount of $44,603.50); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

In making this determination, the Court recognizes counsel's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingency fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the fee, and counsel secured a remand leading to an award of substantial benefits.

An award of attorney's fees pursuant to § 406(b) in the amount of $31,132.50 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $6,967.78 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 25, p. 2).

## III.   CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED as follows:

1.   The motion for attorney's fees (ECF No. 25) under 42 U.S.C. § 406(b) is granted in

the amount of $31,132.50.

2.  Plaintiff's counsel shall refund Plaintiff $6,967.78 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of the attorney's fee award. (*See* ECF No. 24).

3.  The Clerk of the Court is respectfully directed to serve a copy of this order on Plaintiff Everrett Dean Barnes at 8600 Hassam Drive, Bakersfield, CA 93311. (ECF No. 26, p. 2).

IT IS SO ORDERED.

Dated:   **March 18, 2026**                    /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE